UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Leonard Davis, #342092, ) | C/A No. 9:13-1930-DCN-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Hampton County Solicitor Office; State of ) | |
| SC; Hampton County; Mayor of Hampton, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections. Plaintiff brings this action with regard to his conviction for armed robbery and his acquittal for murder. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

Factual and Procedural Background

In his Complaint, Plaintiff recounts that he was tried on both murder and armed robbery charges. He was found not guilty of murder, but guilty of armed robbery. Plaintiff provides several reasons for why his conviction should be invalidated. He charges the defendants with false accusations, false arrest, kidnaping, false imprisonment, violations

of due process, and fraud. Plaintiff asks for this court to find that the defendants were in error; for all charges to be dropped; to be immediately released; and for $2 million in damages for his false arrest and incarceration.

## Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### Discussion

Plaintiff files this action pursuant to 42 U.S.C. § 1983 (*see* ECF No. 1 at 1), which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. State of South Carolina

Plaintiff's claims cannot proceed against the State of South Carolina as it is not amenable to suit in this action. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."

*Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) (citation and footnote omitted).

To the extent Plaintiff moves under 42 U.S.C. § 1983, Congress has not abrogated the States' sovereign immunity under that statute. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Under *Pennhurst State School & Hospital*, a State must expressly consent to suit in a federal district court. 465 U.S. at 101–02. The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity and does not consent to suit in a federal court or in a court of another State). Therefore, the State of South Carolina is protected from Plaintiff's claims by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).

2. <u>Hampton County Solicitor Office</u>

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See, e.g., Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451

(D.S.C. 2008) ("Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Because "Hampton County Solicitor Office" designates the place or location where a collective group of individuals are all employed or, perhaps, describes the collective group employed there, it does not qualify as a "person." Plaintiff's use of this term to name a defendant fails to state a claim upon which relief may be granted against such place or group, and requires summary dismissal of the Complaint as to this defendant.

Even if Plaintiff could identify a particular individual within the Hampton County Solicitor Office against whom to proceed, he would be no more successful. In South Carolina, regional prosecutors are called "Solicitors" and "Assistant Solicitors." *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). Indeed, it is well settled in this circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "'whether and when to prosecute,'" *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (citation omitted), and whether or not to go forward with a prosecution, *see Springmen v. Williams*, 122 F.3d 211, 212–13 (4th Cir. 1997).

5

3. <u>Mayor of Hampton</u>

Plaintiff makes no allegations of personal involvement by Defendant Mayor of Hampton. Although the court must liberally construe the *pro se* Complaint, and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff has not pleaded any factual allegations which state a plausible claim for relief against the Mayor, this defendant should be dismissed. Moreover, if the Complaint could be construed such that Plaintiff intends to sue the Mayor because s/he is a supervisor or manager of a person who committed misconduct, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). Accordingly, the Mayor of Hampton may be summarily dismissed from this case.

4. <u>Hampton County</u>

Plaintiff's claims against Hampton County should also be summarily dismissed. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

694 (1978). A municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (interior citations and quotation omitted). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality or county is obliged to "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (citing *Monell*, 436 U.S. at 694). Where the alleged policy or custom is a failure on the part of the municipality to adequately train, supervise, or discipline its police officers, liability may be established only where the city's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Beck v. City of Pittsburgh*, 89 F.3d 966, 971–72 (3d Cir. 1996) (citing cases). As Plaintiff has failed to allege that either a County policy or custom, or failure to train, has caused his injuries, this defendant is subject to dismissal.

5. Heck v. Humphrey

Moreover, to the extent that Plaintiff seeks relief in connection with his allegedly wrongful state court conviction, the Complaint is subject to summary dismissal because a cause of action has not yet accrued. With respect to actions such as Plaintiff's filed pursuant to § 1983 and alleging constitutional violations and/or other improprieties in connection with a state criminal charge, the United States Supreme Court has held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

7

> to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). Thus, until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred. Plaintiff has failed to establish that his armed robbery conviction has been reversed, expunged, or declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Consequently, Plaintiff cannot at this time state a cognizable § 1983 claim against defendants in this regard.

6. Habeas Relief

Included in his requested relief is Plaintiff's wish for immediate release from incarceration. However, a request for release from custody cannot be considered in a § 1983 civil rights action, but must be presented in a petition for a writ of habeas corpus, after state court remedies have been exhausted. *See Heck v. Humphrey*, 512 U.S. at 481 (holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

7. <u>State Law Claim</u>

Plaintiff additionally sets forth against the defendants a claim for "slander." Generally, defamation claims, which include slander and libel, are matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788–91 (D.S.C.1992), *aff'd*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978). Plaintiff cannot

bring state law claims in this court pursuant to the diversity statute because Plaintiff and the defendants are all citizens of the State of South Carolina.

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice.

IT IS SO RECOMMENDED.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

August 19, 2013
Charleston, South Carolina


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).